ADAM RECHTSCHERD, Plaintiff in Error, *v.* THE ACCOMMODATION BANK OF ST. LOUIS, Defendant in Error.

1. *Agency — Bailment — Robbery — Ordinary care — Negligence.* — If money belonging to a bank is taken from its agent or collector by thieves or robbers when he is using ordinary care and is guilty of no negligence, he is clearly not liable.

2. *Agency — Agent must obey instructions of principal, whether reasonable or otherwise, except where.* — It is the clearly-established rule of law that an agent is bound to execute the orders of his principal whenever, for a valuable consideration, he has undertaken to perform them, whether reasonable or not, unless prevented by some unavoidable accident, without any default on his part, or unless the instructions require him to do an illegal or immoral act; and it is no defense that he intended to act for the benefit of his principal.   He is still responsible for loss occasioned by any violation of his duties, either in exceeding or disregarding instructions.

### *Error to St. Louis Circuit Court.*

*Casselberry*, for plaintiff in error.

*Krum & Decker*, for defendant in error.

The employer has the right to say how his business shall be transacted, and the rules which he lays down for the government

of that business must be observed by the employees unless they are in violation of law or morals. (Switzer v. Connet, 11 Mo. 89.) The employee who receives a reward is bound to observe with care and diligence the interests of his master or employer, and must exercise the same vigilance and attention his employer would have done. (1 Blackst. Com. 428, notes; Cathir v. Bell, 4 Campb. 183.) The agent must strictly follow the instructions of his employer. (2 Kent's Com. 618; Hay v. Stone, 7 Hill, N. Y., 128.) It will not aid the agent that he intended no injury to his principal, nor even that he intended the act to be a positive benefit to him. The question in such cases is not whether the agent acted from good motives and without fraud, but whether he acted in conformity with his instructions. (Mavella v. Barry, 3 Cranch, 415; Paley on Agency, 2, 3; Sto. Agency, 226; Bliss v. Arnold, 8 Verm. 253; Wilson v. Wilson, 26 Penn. St. 394; Switzer v. Connet, 11 Mo. 89.)

Wagner, Judge, delivered the opinion of the court.

Plaintiff brought his action on a certificate of deposit for $2,600, which defendant, by its answer, admits to be due.

Defendant, in its answer, sets up a counter-claim, and states that before the plaintiff's action accrued, the plaintiff, in consideration that defendant would receive him into its employ as collector and agent and pay him a salary of one thousand dollars per annum, promised and agreed with defendant that he would carefully and diligently attend to his duties as such collector and agent, and safely and prudently care for and deliver over and account for to defendant any moneys which he might receive into his custody as such agent and collector; and that defendant, relying upon such engagement and promise, did receive the plaintiff into its employ as collector and agent, and did pay him his said salary, and did in all things perform all the terms and conditions of said contract on its part to be performed, but that defendant, not regarding his said engagement and employment, failed and refused to account for and deliver a large sum of money, to-wit: the sum of $2,983.06, the money of the defendant, which came into his care and custody while in the employment of defendant

as such collector and agent, which sum of money, the property of the defendant, was, through the fault and neglect of the plaintiff, wholly lost to the defendant.

The plaintiff, in his replication, does not deny the terms and conditions of the contract and employment as set forth in the answer, but avers that he has in all things complied with the same. He denies that the sum alleged in the answer, or any other sum, was lost to the defendant through his fault or negligence, and alleges that the money was, without any neglect or fault on his part, taken from him by thieves, robbers, and other persons, whilst he had the same in his possession and was taking extraordinary care of the same for and as the agent of the defendant, and therefore he was not liable for the same. The cause was tried at Special Term before a jury, who, after hearing the evidence and being instructed by the court, rendered a verdict for the plaintiff. Upon appeal to General Term the judgment was reversed and the cause remanded for a new trial, and from this judgment the case is brought here by writ of error.

If the money was taken from the plaintiff by thieves or robbers when he was using ordinary care and guilty of no negligence, he was clearly not liable. But this was a question of fact for the jury to determine upon proper instructions. There was something said in the argument (and it is alluded to in the record) about inconsistent instructions being given to the plaintiff in the transaction of his business, by the cashier and the note clerk, two of the defendant's officers. Whether the note clerk had any authority to give the orders, or it was the duty of the plaintiff to obey, was not very clearly developed in the evidence, and should be rendered more apparent.

The first instruction given for the plaintiff is on the subject of contributory negligence, and, although not objectionable as a proposition of law, is hardly justified by the evidence. Of its own motion, the court instructed the jury that the plaintiff, as collector for the defendant, was bound to use such care as men of ordinary prudence would have used under like circumstances; if, therefore, the plaintiff used such care in doing the business of the defendant, he was not guilty of negligence, unless he disregarded

reasonable instructions given to him by defendant or its authorized agents.

. The following instruction asked by the defendant was refused : "Although the jury may believe from the evidence that the moneys in controversy in the counter-claim were taken from the plaintiff by thieves or robbers, yet the plaintiff is not excused from liability to the bank on that account, if the jury find that such loss by theft or robbery was occasioned by the failure of the plaintiff to obey the instructions given to him by the said Accommodation Bank or any of its officers thereto authorized."

It will be perceived that the view of the court was, that in order to render the plaintiff responsible for disregarding the instructions of the principal, those instructions must be reasonable ; whilst the instruction asked by the defendant asserted the absolute right of the principal to give whatever instructions it saw proper, and the duty of the agent to obey. We suppose that there is no doubt about the established rule at law, that an agent is bound to excute the orders of his principal whenever, for a valuable consideration, he has undertaken to perform them, unless prevented by some unavoidable accident, without any default on his part, or unless the instructions require him to do an illegal or immoral act ; and it is no defense that he intended to act for the benefit of his principal. He is still responsible for loss occasioned by any violation of his duties, either in exceeding or disregarding instructions. (Switzer v. Connett, 11 Mo. 88 ; Sto. Agency, § 192 ; Hays v. Stone, 7 Hill, 128 ; Wilson v. Wilson, 26 Penn. St. 394.)

It is the duty of the agent to adhere faithfully to the orders of the principal, and if a loss occurs in consequence of his voluntary deviation, he will not be held faultless. It is true that instructions may be disregarded in cases of extreme necessity arising from unforeseen emergencies, or if performance becomes impossible, or if they require a breach of law or morals. (Sto. Agency, § 194.) These are, however, exceptional cases. But the general rule is as indicated in what has been said above, and the case as made in the record is not brought within any of the

McKay et al. v. Underwood.

exceptions. I think, therefore, that the instruction given by the court of its own motion was objectionable, and that the instruction asked by the defendant should have been given.

Judgment affirmed. The other judges concur.